PT:RTP/NR
F. #2016R00577

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

– – – – – – – – – – – – – –X

UNITED STATES OF AMERICA

    - against -

WAFA ABBOUD,
MARCELLE P. BAILEY and
RAMI MISBAH TAHA,

                Defendants.

– – – – – – – – – – – – – –X

**I N D I C T M E N T**

Cr. No.

**CR 16 - 396**

(T. 18, U.S.C., §§ 371, 666(a)(1)(A),
982(a)(1), 982(a)(2), 982(a)(7), 1344, 1349,
1957, 2 and 3551 et seq.; T. 21, U.S.C.,
§ 853(p))



VITALIANO, J.

GO, MJ

THE GRAND JURY CHARGES:

## INTRODUCTION

At all times relevant to this Indictment, unless otherwise indicated:

I.    The Defendants and Relevant Entities

        1.    Human First Inc. ("Human First") was a New York State not-for-profit corporation with offices located in all five boroughs of New York City, Nassau County and Suffolk County.   Human First provided educational, behavioral, recreational and other services to individuals with autism and other development disabilities.

        2.    Human First's services were funded primarily through Medicaid.   The Medicaid program was funded jointly by the federal government and New York State.   For each year in or about and between 2011 and 2016, Human First received in excess of $10,000 per calendar year in federal Medicaid funding.

3.     The defendant WAFA ABBOUD was Human First's executive director in or about and between December 2010 and May 27, 2016, when she was fired by Human First's Board of Directors.   As executive director, ABBOUD authorized the disbursement of all Human First funds.

4.     The defendant MARCELLE P. BAILEY was the owner and sole employee of MPB Management Services LLC ("MPB Management").   MPB Management purported to be a consulting firm.   In or about and between May 2011 and May 27, 2016, Human First paid MPB Management at least $16,000 per month in purported consulting fees. On or about May 27, 2016, Human First's Board of Directors terminated MPB Management's contract with Human First.

5.     The defendant RAMI MISBAH TAHA was the owner and president of AZ Consultants Corp. ("AZ Consultants"), an architectural and engineering consulting firm operating in the New York City area.   AZ Consultants purportedly provided consulting services to Human First in connection with renovations done at properties that Human First owned or rented throughout New York City and Nassau County.

6.     New Penn Financial, LLC ("New Penn") was a "mortgage lending business" as defined in Title 18, United States Code, Section 27, with its principal place of business located in Plymouth Meeting, Pennsylvania.

II.     The Defendants' Criminal Schemes

7.     In or about and between January 2011 and May 2016, both dates being approximate and inclusive, the defendants WAFA ABBOUD, MARCELLE P. BAILEY and RAMI MISBAH TAHA, together with others, conspired to execute and executed various

schemes to improperly divert funds that belonged to Human First to bank accounts controlled

by ABBOUD to pay for her personal expenses, including personal credit card debt, cosmetic

surgery bills, real estate property taxes, vacations, clothing, expenses incurred at spas, and the

purchase and renovation of a personal residence.

III.    The MPB Management Accounts

8.      In or about and between 2011 and 2015, Human First issued checks

totaling approximately $900,000 to MPB Management.   The defendant WAFA ABBOUD

signed all of the Human First checks issued to MPB Management.

9.      The Human First checks issued to MPB Management were deposited

into bank accounts held in MPB Management's name at JP Morgan Chase Bank N.A. (the

"MPB Chase Account"), HSBC Bank (the "MPB HSBC Account") and TD Bank (the "MPB

TD Account") (collectively, the "MPB Accounts").   The sole authorized signatory on each of

the MPB Accounts was the defendant MARCELLE P. BAILEY.

10.     In or about September 2011, the defendant MARCELLE P. BAILEY

opened the MPB HSBC Account at an HSBC bank branch in Queens.   In or about and

between September 2011 and January 2014, approximately $250,512 was deposited into the

MPB HSBC Account.   Approximately $240,000 of those deposits consisted of Human First

checks issued by the defendant WAFA ABBOUD to MPB Management for purported

consulting fees.

11.     In or about February 2014, the defendant MARCELLE P. BAILEY

opened the MPB TD Account.   In or about and between February 2014 and December 31,

2015, approximately $155,000 of the deposits into the MPB TD Account consisted of Human First checks issued by the defendant WAFA ABBOUD to MPB Management.

12.     Although she was not an authorized signatory on the MPB HSBC or MPB TD Accounts, the defendant WAFA ABBOUD controlled and had access to the Human First funds deposited in the MPB HSBC and MPB TD Accounts.   ABBOUD used the funds to pay for personal expenses, including personal credit card debt, cosmetic surgery bills, real estate property taxes, family vacations, clothing and expenses incurred at spas and nail salons.

13.     In or about and between 2011 and December 2015, the defendant WAFA ABBOUD possessed and used debit cards linked to the MPB HSBC and MPB TD Accounts to make ATM cash withdrawals totaling tens of thousands of dollars and to make international wire transfers totaling tens of thousands of dollars to individuals located in Morocco and Egypt.   For example, on or about February 20, 2013, ABBOUD used a debit card for the MPB HSBC Account to make a wire transfer of $3,500 from the MPB HSBC Account to an individual located in Morocco.

14.     In or about and between 2011 and 2015, the defendant WAFA ABBOUD possessed and issued checks totaling tens of thousands of dollars drawn against the MPB Accounts to pay for personal expenses.   For example, on or about January 21, 2015, ABBOUD issued a check in the amount of $8,000 drawn against the MPB TD Account to pay for cosmetic surgery.   On or about May 14, 2015, ABBOUD issued a check in the amount of $3,574.24 drawn against the MPB TD Account to pay real estate property taxes on her personal residence located at 2739 Merrick Avenue, Merrick, New York (the "Merrick Residence").

IV.     The Merrick Residence

15.     On or about December 8, 2014, the defendant WAFA ABBOUD

purchased the Merrick Residence for $1.3 million.   To finance the purchase, ABBOUD made

a down payment of $340,000 and applied for and obtained a $1,000,000 loan from New Penn.

In addition, beginning in or about August 2015, ABBOUD hired Transcontinental

Construction Corp. ("Transcontinental Construction") to renovate the Merrick Residence,

including constructing a 3,200 square foot second floor and installing a new roof, concrete

foundation and outdoor back patio.

16.     To finance the defendant WAFA ABBOUD's purchase of and

renovations to the Merrick Residence, ABBOUD and the defendants MARCELLE P.

BAILEY and RAMI MISBAH TAHA, together with others, conspired to execute and

executed various criminal schemes.

17.     On or about August 15, 2014, while the defendant WAFA ABBOUD

was in the process of applying for a loan from New Penn, the defendant MARCELLE P.

BAILEY issued a check in the amount of $37,000 drawn against the MPB TD Account to

ABBOUD.   On or about August 16, 2014, ABBOUD and BAILEY signed and submitted a

"Gift Letter" to New Penn, in which they certified to New Penn that the funds were a gift from

BAILEY to ABBOUD to be applied to ABBOUD's purchase of the Merrick Residence.

BAILEY and ABBOUD falsely represented to New Penn in the Gift Letter that they were

cousins.   ABBOUD used these funds toward the down payment on the Merrick Residence.

18.     On or about September 3, 2014, the defendant RAMI MISBAH TAHA

issued a check in the amount of $30,000 drawn against a personal account held in his name to

the defendant WAFA ABBOUD.   The same day, the defendants TAHA and ABBOUD

signed and submitted a "Gift Letter" to New Penn, in which they certified to New Penn that

these funds were a gift from TAHA to ABBOUD to be applied to ABBOUD's purchase of the

Merrick Residence.   TAHA and ABBOUD falsely represented to New Penn in the Gift Letter

that they were cousins.   ABBOUD used these funds toward the down payment on the Merrick

Residence.

        19.   On or about September 8, 2014, the defendant WAFA ABBOUD

deposited into her personal savings account two checks totaling $170,000 that were issued by a

company named BAS Renovation.   ABBOUD and the defendant RAMI MISBAH TAHA

falsely represented to New Penn that the funds constituted a settlement payment by BAS

Renovation to ABBOUD for damages that ABBOUD purportedly incurred as a result of

construction work at another residence.   In fact, the funds were Human First funds that the

defendants ABBOUD and TAHA, together with others, improperly diverted from Human First

to ABBOUD through a series of financial transactions, which included transferring the funds

through bank accounts controlled by TAHA, the purpose of which was to conceal the fact that

the funds belonged to Human First.   ABBOUD used these funds toward the down payment on

the Merrick Residence.

        20.   In addition, on or about and between April 15, 2015 and December 31,

2015, the defendants WAFA ABBOUD and RAMI MISBAH TAHA, together with others,

improperly diverted hundreds of thousands of dollars in Human First funds to

Transcontinental Construction through a series of financial transactions.   These transactions

included transferring the funds, which ABBOUD used to pay Transcontinental Construction

for extensive renovations that Transcontinental Construction did at her Merrick Residence, through bank accounts controlled by TAHA.

## COUNT ONE
### (Conspiracy to Steal Funds)

21.     The allegations contained in paragraphs 1 through 20 are realleged and incorporated as if fully set forth in this paragraph.

22.     In or about and between January 2011 and February 2016, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants WAFA ABBOUD and MARCELLE P. BAILEY, together with others, did knowingly and intentionally conspire to embezzle, steal, obtain by fraud, misapply and otherwise without authority knowingly convert to the use of a person other than the rightful owner, property of Human First, an organization that received benefits in excess of $10,000 under one or more Federal programs involving grants, contracts, subsidies, loans, guarantees, insurance and other forms of Federal assistance in one or more one-year periods, which property was valued at $5,000 or more, and was owned by, and was under the care, custody and control of, Human First, to wit: Human First funds, contrary to Title 18, United States Code, Section 666.

23.     In furtherance of the conspiracy and to effect its objectives, within the Eastern District of New York, the defendants WAFA ABBOUD and MARCELLE P. BAILEY, together with others, committed and caused to be committed, among others, the following:

8

## OVERT ACTS

a.      On or about September 11, 2011, the defendant MARCELLE P. BAILEY opened the MPB HSBC Account at an HSBC bank branch in Queens, New York;

b.      On or about February 15, 2013, the defendant WAFA ABBOUD issued a Human First check in the amount of $16,000 to MPB Management from Human First's offices in Nassau County, New York; and

c.      On or about February 20, 2013, ABBOUD used a debit card for the MPB HSBC Account to make a wire transfer in the amount of $3,500 from the MPB HSBC Account to an individual located in Morocco from a store in Nassau County, New York.

(Title 18, United States Code, Sections 371 and 3551 et seq.)

### COUNT TWO
#### (Theft of Funds)

24.     The allegations contained in paragraphs 1 through 20 are realleged and incorporated as if fully set forth in this paragraph.

25.     In or about and between January 2011 and February 2016, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants WAFA ABBOUD and MARCELLE P. BAILEY, together with others, did knowingly and intentionally embezzle, steal, obtain by fraud, misapply and otherwise without authority knowingly convert to the use of a person other than the rightful owner, property of Human First, an organization that received benefits in excess of $10,000 under one or more Federal programs involving grants, contracts, subsidies, loans, guarantees, insurance and other forms of Federal assistance in one or more one-year periods, which property was valued at

9

$5,000 or more, and was owned by, and was under the care, custody and control of, Human

First, to wit: Human First funds.

(Title 18, United States Code, Sections 666(a)(1)(A), 2 and 3551 et seq.)

COUNT THREE<br>(Conspiracy to Steal Funds)

26.     The allegations contained in paragraphs 1 through 20 are realleged and

incorporated as if fully set forth in this paragraph.

27.     In or about and between September 2013 and February 2016, both dates

being approximate and inclusive, within the Eastern District of New York and elsewhere, the

defendants WAFA ABBOUD and RAMI MISBAH TAHA, together with others, did

knowingly and intentionally conspire to embezzle, steal, obtain by fraud, misapply and

otherwise without authority knowingly convert to the use of a person other than the rightful

owner, property of Human First, an organization that received benefits in excess of $10,000

under one or more Federal programs involving grants, contracts, subsidies, loans, guarantees,

insurance and other forms of Federal assistance in one or more one-year periods, which

property was valued at $5,000 or more, and was owned by, and was under the care, custody

and control, of Human First, to wit: Human First funds, contrary to Title 18, United States

Code, Section 666.

28.     In furtherance of the conspiracy and to effect its objectives, within the

Eastern District of New York, the defendants WAFA ABBOUD and RAMI MISBAH TAHA,

together with others, committed and caused to be committed, among others, the following:

## OVERT ACTS

        a.      On or about August 21, 2014, the defendant WAFA ABBOUD issued a Human First check in the amount of $124,039 to Pedrol Contracting Inc. ("Pedrol Contracting"), a construction company with its principal place of business in Brooklyn, New York, as payment for purported renovation work done by Pedrol Contracting on a property owned by Human First;

        b.      On or about August 22, 2014, a check in the amount of $120,000 was issued by Pedrol Contracting to BAS Renovation; and

        c.      On or about September 8, 2014, ABBOUD deposited a check in the amount of $120,000 issued by BAS Renovation into her personal bank account in Nassau County, New York.

        (Title 18, United States Code, Sections 371 and 3551 et seq.)

## COUNT FOUR
(Theft of Funds)

      29.      The allegations contained in paragraphs 1 through 20 are realleged and incorporated as if fully set forth in this paragraph.

      30.      In or about and between September 2013 and February 2016, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants WAFA ABBOUD and RAMI MISBAH TAHA, together with others, did knowingly and intentionally embezzle, steal, obtain by fraud, misapply and otherwise without authority knowingly convert to the use of a person other than the rightful owner, property of Human First, an organization that received benefits in excess of $10,000 under one or more Federal programs involving grants, contracts, subsidies, loans, guarantees, insurance and other

forms of Federal assistance in one or more one-year periods, which property was valued at
$5,000 or more, and was owned by, and was under the care, custody and control of, Human
First, to wit: Human First funds.

(Title 18, United States Code, Sections 666(a)(1)(A), 2 and 3551 <u>et seq</u>.)

<u>COUNT FIVE</u>
(Conspiracy to Commit Bank Fraud)

31.     The allegations contained in paragraphs 1 through 20 are realleged and
incorporated as if fully set forth in this paragraph.

32.     In or about and between June 2014 and December 2014, both dates being
approximate and inclusive, within the Eastern District of New York and elsewhere, the
defendants WAFA ABBOUD, MARCELLE P. BAILEY and RAMI MISBAH TAHA,
together with others, did knowingly and intentionally conspire to execute a scheme and artifice
to defraud a financial institution, to wit: New Penn, and to obtain money, funds and credits
owned by and under the custody and control of New Penn, by means of false and fraudulent
pretenses, representations and promises, contrary to Title 18, United States Code, Section
1344.

(Title 18, United States Code, Sections 1349 and 3551 <u>et seq</u>.)

<u>COUNT SIX</u>
(Bank Fraud)

33.     The allegations contained in paragraphs 1 through 20 are realleged and
incorporated as if fully set forth in this paragraph.

34.     In or about and between June 2014 and December 2014, both dates being
approximate and inclusive, within the Eastern District of New York and elsewhere, the

defendants WAFA ABBOUD, MARCELLE P. BAILEY and RAMI MISBAH TAHA,

together with others, did knowingly and intentionally execute a scheme and artifice to defraud

a financial institution, to wit: New Penn, and to obtain money, funds and credits owned by and

under the custody and control of New Penn, by means of false and fraudulent pretenses,

representations and promises.

(Title 18, United States Code, Sections 1344, 2 and 3551 et seq.)

## COUNT SEVEN
(Unlawful Monetary Transactions Over $10,000)

35.     The allegations contained in paragraphs 1 through 20 are realleged and

incorporated as if fully set forth in this paragraph.

36.     In or about and between June 2014 and December 2014, both dates being

approximate and inclusive, within the Eastern District of New York and elsewhere, the

defendants WAFA ABBOUD and RAMI MISBAH TAHA, together with others, did

knowingly and intentionally engage in one or more monetary transactions, in and affecting

interstate commerce, in criminally derived property that was of a value greater than $10,000, to

wit: checks issued by ABBOUD to fund the down payment on the Merrick Residence, and that

was derived from specified unlawful activity, to wit: federal program theft, in violation of Title

18, United States Code, Section 666.

(Title 18, United States Code, Sections 1957, 2 and 3551 et seq.)

## CRIMINAL FORFEITURE ALLEGATION
## AS TO COUNTS ONE THROUGH FOUR

37.     The United States hereby gives notice to the defendants that, upon their

conviction of any of the offenses charged in Counts One through Four, the government will

seek forfeiture in accordance with Title 18, United States Code, Section 982(a)(7), which requires any person convicted of such offenses to forfeit property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of such offenses.

38.     If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

a.     cannot be located upon the exercise of due diligence;

b.     has been transferred or sold to, or deposited with, a third party;

c.     has been placed beyond the jurisdiction of the court;

d.     has been substantially diminished in value; or

e.     has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Section 982(a)(7); Title 21, United States Code, Section 853(p))

## CRIMINAL FORFEITURE ALLEGATION
## AS TO COUNTS FIVE AND SIX

39.     The United States hereby gives notice to the defendants that, upon their conviction of either of the offenses charged in Counts Five and Six, the government will seek forfeiture in accordance with Title 18, United States Code, Section 982(a)(2), which requires any person convicted of such offenses to forfeit any property, constituting or derived from,

proceeds obtained directly or indirectly, as the result of the commission of such offenses, including but not limited to all right, title, and interest in the real property and appurtenances, improvements, fixtures, attachments, and easements known as 2739 Merrick Avenue, Merrick, New York 11566.

40.     If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

        a.      cannot be located upon the exercise of due diligence;

        b.      has been transferred or sold to, or deposited with, a third party;

        c.      has been placed beyond the jurisdiction of the court;

        d.      has been substantially diminished in value; or

        e.      has been commingled with other property which cannot be

divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described in this forfeiture allegation.

        (Title 18, United States Code, Section 982(a)(2); Title 21, United States Code, Section 853(p))

## CRIMINAL FORFEITURE ALLEGATION
## AS TO COUNT SEVEN

41.     The United States hereby gives notice to the defendants charged in Count Seven that, upon their conviction of that offense, the government will seek forfeiture in accordance with Title 18, United States Code, Section 982(a)(1), which requires any person convicted of such offense to forfeit any property, real or personal, involved in such offense, or

15

any property traceable to such property, including but not limited to all right, title, and interest

in the real property and appurtenances, improvements, fixtures, attachments, and easements

known as 2739 Merrick Avenue, Merrick, New York 11566.

        42.    If any of the above-described forfeitable property, as a result of any act

or omission of the defendants:

        a.    cannot be located upon the exercise of due diligence;

        b.    has been transferred or sold to, or deposited with, a third party;

        c.    has been placed beyond the jurisdiction of the court;

        d.    has been substantially diminished in value; or

        e.    has been commingled with other property which cannot be

divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to

seek forfeiture of any other property of the defendants up to the value of the forfeitable

property described in this forfeiture allegation.

        (Title 18, United States Code, Section 982(a)(1); Title 21, United States Code,

Section 853(p))

                                        A TRUE BILL

                                    _Mary E Bailey_

                                          FOREPERSON

ROBERT L. CAPERS
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

F. #20__R___
FORM DBD-34
JUN. 85

No.

# UNITED STATES DISTRICT COURT

### EASTERN *District of* NEW YORK

### CRIMINAL DIVISION

## THE UNITED STATES OF AMERICA

*vs.*

*WAFA ABBOUD et al,*

Defendants.

# INDICTMENT

(T. 18, U.S.C., §§ 371, 666(a)(1)(A), 982(a)(1), 982(a)(2), 982(a)(7),
1344, 1349, 1957, 2 and 3551 et seq.; T. 21, U.S.C., § 853(p))

*A true bill.*

_ _ *Mary E. Bailey* _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _
Foreperson

*Filed in open court this* _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ *day,*

*of* _ _ _ _ _ _ _ _ _ _ _ _ *A.D. 20* _ _ _ _ _

_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _
Clerk

*Bail,* $ _ _ _ _ _ _ _ _ _ _ _

_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

*Robert Polemeni, Assistant U.S. Attorney (718) 254-6044*