UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
UNITED STATES,

              -against-             SHORT-FORM MEMORANDUM OPINION

WAFA ABBOUD,                        16-cr-396 (ENV)
MARCELLE P. BAILEY,
RAMI MISBAH TAHA, and ARKADIUSZ
SWIECHOWICZ,

                          Defendants.
------------------------------------------------------------- X

VITALIANO, D.J.

Jury selection in this case is currently scheduled to start on November 26, 2018. The government has filed a motion *in limine*. Dkt. No. 90. Having considered the submissions of the parties, Dkt. Nos. 98, 99, 100, 101, & 102, the motion *in limine* is resolved in the manner and for the reasons as set forth below.

| Motion | Ruling |
|---|---|
| (A) Pursuant to Federal Rules of Evidence 401-403, or in the alternative, 404(b),[1] the government seeks to admit evidence about other misrepresentations by Abboud to New Penn Bank in connection with the Merrick Avenue Residence, | (A) Abboud opposes the introduction of this evidence, arguing that it is unnecessary to complete the story at trial, and, alternatively, that it would show that she "has a propensity to make misrepresentations or to engage in fraud." Dkt. No. 98 at 5-6. Generally, however, evidence of misrepresentations by a defendant, to a victim bank, with respect to object of this misrepresentation, here, the |

---

[1] Unless otherwise indicated, all rule references will be to the Federal Rules of Evidence and further citation will be omitted.

1

| | |
|---|---|
| specifically, (a) the purchase price of the Residence and (b) a second mortgage she obtained to finance the purchase of the residence. | Merrick Avenue Residence, is necessary to complete the story at trial. This evidence is probative, not unfairly prejudicial and, of the kind ordinarily admissible under Rules 401-403. It is, in short, direct evidence, and is admissible at trial. *United States v. Robinson*, 702 F.3d 22, 37 (2d Cir. 2012); *United States v. Barrett*, 153 F. Supp. 3d 552, 566-67 (E.D.N.Y. 2015) (noting that evidence of tax fraud was "direct evidence" of participating in money laundering).<br><br>Abboud also argues, citing to *United States v. Helmsley*, 941 F.2d 71, 91 (2d Cir. 1991), that allowing this evidence would be "akin to a constructive amendment of the indictment," and that a jury might "return a guilty verdict without being unanimous on what actus rea was proven." Dkt. No. 98 at 5. The Second Circuit, in that same case, recognized that a district court's careful charge regarding unanimity could avoid this problem. *Helmsley*, 941 F.2d at 92-93. The same holds true here. The government's motion to introduce this proof as direct evidence is granted. |
| (B) Pursuant to Rules 401-403, or in the alternative, 404(b), the government seeks to admit evidence of misrepresentations by Abboud and Bailey to Omega Financial, | (B) Abboud opposes the introduction of this evidence, arguing that, given the lack of connection to the indictment and the unrelated transaction, it is not direct evidence, and, that it could only otherwise – impermissibly – be used to |

2

| | |
|---|---|
| another bank, in connection with the refinancing of the Rosebud Avenue Residence, through use of a "gift letter" in which Abboud and Bailey represented that they were cousins, using Human First funds. | demonstrate propensity for misrepresentation. Dkt. No. 98 at 6.<br><br>The government's response is telling; it contends that this is direct evidence because the funds in question were improperly diverted from Human First. Dkt. No. 101 at 6. That is the only possible link to the indictment, and it is insufficient, given that this particular transaction and fraud on the bank in question are not charged in the otherwise detailed indictment. Indeed, Omega Financial appears nowhere in that charging instrument.<br><br>However, notwithstanding Abboud's assertions, this evidence is admissible under Rule 404(b) as evidence of lack of mistake; modus operandi; and knowledge. *United States v. Cadet*, 664 F.3d 27, 32 (2d Cir. 2011); *United States v. Pizarro*, 2018 WL 1737236, at *6 (E.D.N.Y. Apr. 10, 2018). The proffer is not unduly prejudicial, and, to the extent that there is any prejudice at all, that prejudice would be properly and effectively mitigated by an appropriate limiting instruction if requested. *See, e.g., United States v. Cummings*, 858 F.3d 763, 776 (2d Cir. 2017) (discussing use of limiting instructions to reduce 404(b) prejudice); *United States v. Pipola*, 83 F.3d 556, 566 (2d Cir. 1996). The government's motion is granted to the extent that the proffered evidence may be admitted under Rule 404(b). |

| | |
|---|---|
| (C) Pursuant to Rules 401-403, or in the alternative, 404(b), the government seeks to admit evidence of fraudulent contracts and invoices created by Abboud and Taha, relating to a Hurricane Sandy Damage Claim and using Pedrol Construction Inc. letterhead. | (C) Abboud opposes the introduction of this evidence as irrelevant, unduly prejudicial, and as having low probative value. Dkt. No. 98 at 6-9. Taha tersely offers a "me, too." Dkt. No. 100 at 5.<br><br>For essentially the same reasons set forth in part (B) above, this evidence is not admissible as direct evidence. It does not complete the story of the various schemes on trial, and it is not intertwined with the charged crimes. *United States v. Hsu*, 669 F.3d 112, 118 (2d Cir. 2012).<br><br>The proffered evidence could be offered as 404(b) evidence to show a common plan, intent, or lack of mistake. But, its relevance here is of questionable value, given that neither Abboud nor Taha are charged with insurance fraud, and, in any event, the offer could result in a mini-trial diverting the jury's attention from the charged crimes. Moreover, when considering the balancing of probativeness against prejudice under Rule 403, this evidence appears more prejudicial than probative. *See United States v. Lyle*, 856 F.3d 191, *certiorari granted and judgment vacated on other grounds by Lyle v. United States*, 138 S. Ct. 2024 (Mem.), 201 L. Ed. 2d 276 (May 21, 2018).<br><br>Given that there was no charge relating to Hurricane Sandy in the indictment, this evidence has the potential to |

|  | confuse and even inflame the jury by suggesting Abboud and Taha sought criminal gain by fraud from a natural disaster which still evokes raw emotion throughout this judicial district. Lives were lost; no county was unaffected. *See, e.g., United States v. Allums*, 2018 WL 2128372, at *6 (S.D.N.Y. May 9, 2018) ("Other act evidence is typically not unfairly prejudicial where it is not "any more sensational or disturbing than the crimes" with which the defendant has been charged.) |
|---|---|
|  | The government's reply does nothing to salvage this other acts proffer. Pointing out that Abboud is charged with embezzling from an organization for developmentally disabled youth does nothing to diminish prejudice from stoking remembrances of a deadly and painful natural disaster. |
|  | Finally, given that the government proffers no involvement by Swiechowicz in the creation of these invoices, there is the real chance of especially magnifying the prejudice as to him by tying him to the non-obstruction counts through the use of the Pedrol letterhead. The government's motion is denied. |
| (D) Pursuant to Rules 401-403, or in the alternative, 404(b), the government seeks to admit, through | (D) Abboud opposes the introduction of this evidence, arguing that it is speculative, and moreover, is "a roundabout way to violate the terms of the proffer |

FBI agent testimony, that the following topics were discussed at proffer sessions with Abboud: (1) why she used funds held in the bank accounts at issue to pay for her personal expenses; (2) why she had, at the time of arrest, a debit card associated with one of the bank accounts; (3) why she had personally deposited company checks into these bank accounts; (4) why she received $170,000 from BAS Renovation; and (5) whether, and how, she paid for renovation work at the Merrick Avenue Residence.

agreement." Dkt. No. 98 at 12-13. Swiechowicz opposes the introduction of these statements in the government's case-in-chief, noting that it is hearsay, and also presents a potential Confrontation Clause problem for him – namely, testimonial statements made by a co-defendant, at a proffer session, and without an opportunity to cross-examine. Dkt. No. 99 at 2-3. As with part (C), Taha offers another terse "me, too." Dkt. No. 100 at 1-2.

The government's motion cannot be fully resolved in advance of trial, except that not even the statements, much less the topics that led to those statements, may be used at trial unless Abboud violates the terms of her proffer agreement or takes the witness stand and the antidote of cross-examination and re-direct-examination that goes with it. If, however, Abboud breaks her proffer agreement in her opening or in her cross-examination of government witnesses, the government may seek to offer such statements through an FBI agent to the extent permitted by *United States v. Barrow*, 400 F.3d 109, 119 (2005). Any statement, in order to protect the Confrontation Clause rights of co-defendants, must be sanitized to shield their identity, in line with *Bruton v. United States*, 391 U.S. 123, 88 S. Ct. 1620, 20 L.Ed.2d 476 (1968), and its progeny.

|  | The government's motion is denied to the extent indicated, and a ruling on the balance of the motion is reserved. |
|---|---|
| (E) Pursuant to Rules 401-403, the government seeks to bar the defendants from "attempting to introduce [certain] statements made [by Abboud] during the proffer sessions." Dkt. No. 90 at 20 n.3. | (E) At this point, the request is denied as moot. In the event that a breach by Abboud of her proffer agreement permits the government to offer through FBI testimony proffer statements she made, defendants will then specifically identify other statements made at her proffer that would complete any statement made at the proffer session that is received in evidence through the FBI agent's testimony. *See* Rule 105. |

So Ordered.
Dated: Brooklyn, New York
      October 1, 2018

/s/ Hon. Eric N. Vitaliano
‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾
ERIC N. VITALIANO
United States District Judge