UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------- X
  UNITED STATES OF AMERICA,             :

                                             :   **MEMORANDUM DECISION AND**

                                             :   **ORDER**

               - against -                :

                                             :   16-cr-396 (BMC)

                                             :

  WAFA ABBOUD,                      :

                                             :

                    Defendant.       :

                                             :
-------------------------------------------------------- X

**COGAN**, District Judge.

      Pending before the Court is defendant's motion for bail pending appeal and to stay the forfeiture and restitution portions of the judgment of conviction entered against her.  She has failed to show that there are substantial issues of fact or law on appeal and accordingly the motion is denied except as to forfeiture, to which the Government consents.

**BACKGROUND**

      Defendant was convicted by a jury of seven counts of conspiracy to commit bank fraud, substantive bank fraud, unlawful monetary transactions, conspiracy to steal funds (two counts), and theft of funds (two counts). The crimes arose out of defendant's embezzlement of funds from a non-profit corporation, of which she was executive director, that provided services to autistic and other disabled individuals.  Following her conviction, she moved, through newly appointed counsel, Sarah Kunstler, Esq. for a new trial on the ground of ineffective assistance of trial counsel.  In that motion, she contended that, without her authorization, her trial counsel had conceded to the jury the bank fraud counts and had waived her right to testify.  There was no dispute that defendant's attorneys had, in fact, conceded the bank fraud counts, reasoning that the evidence was so overwhelming that it would hurt defendant's credibility on the other counts.

The issue was whether they had discussed that strategy with defendant and obtained her authorization to do so.

Judge Korman held an evidentiary hearing on the motion to vacate at which he heard testimony from defendant and defendant's two trial lawyers.  With regard to the concession on the bank fraud counts, Judge Korman found that defendant's testimony at the hearing was "flatly contradicted by both of [defendant's] attorneys … [and] also contradicted by the record." United States v. Abboud, No. 16-cr-396, 2022 WL 3595055, at *4 (E.D.N.Y. August 23, 2022).  He found that defendant's attorneys "did adequately consult with [defendant] before admitting her guilt to bank fraud" and that "I do not credit [defendant's] statements describing her objections to the bank fraud concession."  Id.

With regard to defendant's decision not to testify at trial, Judge Korman similarly "credit[ed] the testimony of both of her attorneys that they advised [defendant] the weekend before the conclusion of the trial that she should not testify and that, while this conversation was fraught, [defendant] ultimately agreed with them." Id. at 5.  Judge Korman noted that in addition to the attorneys' testimony, there were contemporaneous communications they sent to the United States Attorney which confirmed their discussions with defendant on her decision whether to testify. Judge Korman therefore "d[id] not credit [defendant's] 'highly self-serving' testimony." Id. (quoting Chang v. United States, 250 F.3d 79, 86 (2d Cir. 2001).

Judge Korman sentenced defendant to, *inter alia*, a total of 33 months' custody on January 11, 2023, and defendant timely filed a notice of appeal.  On March 23, 2023, defendant, through Ms. Kunstler, filed the motion under consideration here, *i.e.*, for bail pending appeal and a stay of forfeiture and restitution.  She has remained at liberty pending disposition of this motion. The case was subsequently reassigned to the undersigned.

**DISCUSSION**

Section 3143(b)(1) of Title 18 requires a court to grant bail pending appeal if a defendant is neither a flight risk nor a danger to the public and has raised "a substantial question of law or fact" that is likely to result in a new trial.  18 U.S.C. § 3143(b)(1).  A "substantial question" means a "close" question that could well have been decided the other way.  See United States v. Randell, 761 F.2d 122 (2d Cir. 1985).  It is not easy for a defendant to make this showing, for after conviction, she must overcome a "presumption in favor of detention" by "clear and convincing evidence."  United States v. Abuhamra, 389 F.3d 309, 319 (2d Cir. 2004).

Here, the Government does not contend that defendant is a continuing danger to the public or a flight risk.  It does contend, however, that the issues she intends to raise on appeal – the same issues she raised in her motion to vacate – are not substantial.  Having reviewed Judge Korman's decision and the transcript of the hearing on the motion to vacate, I have to agree with the Government.  The question here is not close.  It is insubstantial.

The primary reason that the appeal raises no substantial issue is because Judge Korman's decision was largely based on his determination of the credibility of the testimony of defendant and her attorneys at the evidentiary hearing.  Although the conclusion as to the legal effectiveness of counsel is a mixed question of law and fact, see Strickland v. Washington, 466 U.S. 668, 698 (1984), findings concerning the underlying historical facts giving rise to that conclusion are reviewed under the clearly erroneous standard.  Bennett v. United States, 663 F.3d 71, 85 (2d Cir. 2011).  Judge Korman had the opportunity to hear the substance and tone of the witnesses' testimony and observe their demeanor on both direct and cross-examination.  He had, and used, the opportunity to ask his own questions concerning their testimony.  It is hard for me to conceive of a situation where an appellate court could find that Judge Korman was "clearly

3

erroneous" in crediting the attorneys and not crediting defendant. Indeed, about all defendant can say about that possibility is that "an appellate court might find that the hearing transcript establishes otherwise." Given the narrowness of the clearly erroneous standard, I think that possibility is so unlikely that it does not rise to the level of a "substantial" question of fact.[1]

Accordingly, defendant's motion for bail pending appeal is denied.

As to her request for a stay of forfeiture and restitution, the Government has no objection to staying forfeiture during appeal and so that portion of her motion is granted. A temporary order of forfeiture is already annexed to the judgment; the Court hereby grants the Government's motion for a permanent order of forfeiture [283] and will annex it to an amended judgment, but that portion of the amended judgment (and only that portion) is stayed pending appeal. The Government has objected to a stay of the restitution portion of the judgment, and for the same reason that the Court has denied bail pending appeal – lack of a substantial question on appeal – defendant's request for a stay of restitution is denied.

## CONCLUSION

Defendant's motion for bail pending appeal and to stay forfeiture and restitution is denied except as to forfeiture. Within 14 days of entry of this decision on the docket, defendant

---

[1] The Court accepts defendant's point that a "substantial" question of fact does not mean that defendant must show a "likelihood" that the Court of Appeals will find the district court's factual determination clearly erroneous. See Rendell, 754 F.2d at 125. But the word "substantial" must have some meaning – not any question of fact will do. Defendant may have established that her challenge on appeal is non-frivolous, but it is certainly not substantial.

4

is directed to surrender to the United States Marshals' office in this district or, if she has been

designated to a specific Bureau of Prisons facility, she may surrender directly to that facility.[2]

**SO ORDERED.**

*Brian M. Cogan*
_____
U.S.D.J.

Dated:  Brooklyn, New York
        September 17, 2023

---

[2] Subsequent to the submission of this motion for bail pending appeal, Ms. Kunstler filed a motion to be relieved as counsel [284], which defendant has not opposed, citing the fact that the Second Circuit had appointed counsel for the appeal and in seeking that appointment, defendant had represented that there was a breakdown in communications and irreconcilable differences between her and Ms. Kunstler.  Given that the case is now on appeal and there is no further action to be taken in this Court, it may be that Ms. Kunstler's motion is moot, as nothing suggests that Ms. Kunstler's appointment was to continue beyond this motion.  However, to make sure the docket accurately reflects the status of counsel, Ms. Kunstler's motion to withdraw is granted and the Clerk is directed to terminate Ms. Kunstler's appearance on the docket, provided, however, that Ms. Kunstler shall serve a copy of this Memorandum Decision and Order on her former client forthwith and file a declaration confirming that she has done so.